# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TALEDIA WASHINGTON,<br>       Appellant, | DOCKET NUMBER<br>DC-0752-14-0080-I-1 |
|    v. | |
| DEPARTMENT OF AGRICULTURE,<br>       Agency. | DATE: February 5, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Taledia Washington, Bowie, Maryland, pro se.

Shelli S. Moore, Huron, South Dakota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of a reduction in pay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts are not in dispute. Effective June 6, 2010, the agency appointed the appellant to the position of Office Assistant, GS-8, Step 5. Initial Appeal File (IAF), Tab 6 at 29. On the form documenting the appellant's appointment, the agency identified her pay rate determinate as "superior qualifications." *Id*. On August 19, 2013, the agency informed the appellant that the Office of Personnel Management (OPM) audited the agency's human resources operations, and, as a result, the agency was required to review the staffing case files from January 2010, through September 2011, and make appropriate corrections. IAF, Tab 5 at 17, Tab 7, Initial Decision (ID) at 2. As part of that review process, the agency discovered that it could not justify the use of its superior qualifications and special needs pay setting authority for her position based on the requirements set forth in 5 C.F.R. § 531.212, and a personnel action was required to correct her initial salary. IAF, Tab 5 at 18; ID at 2. The agency retroactively changed the appellant's initial appointment from a GS-8, Step 5 level to a Step 1 level, effective June 6, 2010, and amended her records to reflect her regular step increases. ID at 3; IAF, Tab 6 at 20-21.

¶3        The appellant filed an appeal challenging her reduction in pay. IAF, Tab 1. The appellant argued that she took the job in good faith, based on the salary human resources offered her in 2010, and the agency caused her financial suffering by reducing her pay because of human resources' error. IAF, Tab 1 at 5. The administrative judge informed the appellant of her burden of proving that the Board has jurisdiction over her appeal and ordered her to file evidence and argument that she suffered an appealable reduction in pay. IAF, Tab 3. The appellant subsequently filed various documents to support her appeal, but she did not address the jurisdictional issue. IAF, Tab 5. The agency responded by filing a motion to dismiss the appeal for lack of jurisdiction and for being untimely filed. IAF, Tab 6.

¶4        Without holding the hearing requested by the appellant, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 1. The administrative judge found that the agency's action to correct its pay-setting error was not appealable, and the Board could not decide a case based on equity and fairness. ID at 1. The administrative judge also found that, although the appellant made a prima facie showing that her rate of pay was reduced, the agency submitted undisputed evidence and argument establishing that OPM required the agency to take corrective action for its improper use of the superior qualifications pay setting authority under 5 C.F.R. § 531.212. ID at 5. The appellant filed a timely petition for review, and the agency filed a response in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.

¶5        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of establishing jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2(i). The general rule is that a reduction in an employee's rate of basic pay is appealable to the Board. *See* 5 U.S.C.§§ 7511(a)(4), 7512(4), 7513(d). However, an exception to this rule is when an agency reduces an

employee's basic pay "from a rate that is contrary to law or regulation." 5 C.F.R. § 752.401(b)(15). Such an action is not appealable to the Board. *See Gessert v. Department of the Treasury*, 113 M.S.P.R. 329, ¶ 8 (2010), *aff'd*, No. 2010-3115, 2011 WL 463094 (Fed. Cir. Feb. 10, 2011). When an agency contends that it reduced an employee's pay to correct what it believes was an error in setting pay, the agency bears the burden of showing that it set the employee's pay at a rate contrary to law or regulation. *Gessert*, 113 M.S.P.R. 329, ¶ 9.

¶6　　　　In her petition for review, the appellant asks the Board to reconsider its decision, because the agency did not provide "clear documentation stating [that] reducing [her] salary was the only option or request made by the OPM audit." PFR File, Tab 1 at 3. She also argues that the agency's action resulted in an overpayment that adversely affected her tax situation and finances. *Id*. at 4. Attached to her petition, the appellant submitted a copy of the OPM audit report with recommended compliance actions based on OPM's finding that the employing agency violated regulations governing the use of superior qualifications appointments and other laws. *Id*. at 6-11.

¶7　　　　The appellant's evidence and argument on review present no reason to disturb the initial decision dismissing her appeal for lack of jurisdiction. Although the appellant disagrees with the agency's decision to correct its error by reducing her pay and causing her financial harm, she does not dispute that the agency initially set her pay at a level that was contrary to regulation or that the agency met its burden of proving that it reduced her step level to correct its pay-setting error.[2] PFR File, Tab 1 at 4-5; *see* ID at 5; *see also* 5 C.F.R.

---

[2] The general rule is that "new appointments shall be made at the minimum rate of the appropriate grade." *See* 5 U.S.C. § 5333; *see also Lomax v. Department of Defense*, 88 M.S.P.R. 585, ¶¶ 6-7 (2001). Agency documentation is required for a superior qualifications appointment at a higher rate. *See Lomax*, 88 M.S.P.R. 585, ¶¶ 6-7. In this case, the appellant concedes that the agency did not provide OPM with the documentation required to support using superior qualifications to set her pay. PFR File, Tab 1 at 4.

§ 752.401(b)(15). We therefore find that the Board has no jurisdiction to consider the appellant's reduction in pay.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[3] Given that the administrative judge properly dismissed this appeal for lack of jurisdiction, we find that she correctly declined to address the timeliness issue raised by the agency. PFR File, Tab 3 at 10-12; IAF, Tab 6 at 7-8; ID at 1, 6.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.